UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA WORTMAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 06-cv-774-JPG<br>Criminal Case No. 05-cr-40024-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Amanda Wortman's ("Wortman")[1] motion for relief pursuant to 28 U.S.C. §§ 2255 (Doc. 2). The government has responded to the motion (Doc. 3).

**I.   Background**

On February 1, 2006, a jury found Wortman guilty of one count of destroying a CD-ROM with the intent to impede, obstruct or influence an FBI investigation, in violation of 18 U.S.C. § 1519. On June 8, 2006, the Court held a sentencing hearing, and found that Wortman's sentencing guideline range was 21 to 27 months in prison. Nevertheless, it departed downward substantially, sentencing Wortman to serve 12 months and 1 day in prison. At the conclusion of Wortman's sentencing hearing, the Court advised her that she had a right to appeal her sentence and that the appeal needed to be filed within ten days after entry of judgment. Wortman's judgment and commitment was signed by the Court on June 14 and entered on the docket sheet on June 15. No notice of appeal was filed. Attorney Terry Green ("Green") represented Wortman at all relevant times at the District Court level.

---

[1] Wortman's name is now Amanda Wortman Carter. The Court will continue to refer to her as Wortman since that is the name she used when filing her § 2255 petition.

On October 10, 2006, Wortman timely filed the pending § 2255 motion. In it, she alleges that Green provided constitutionally ineffective assistance of counsel by failing to file a notice of appeal after she requested that he do so. Wortman's motion alleges that immediately after her sentencing she asked Green, in the presence of her family members, to file an appeal, but that Green told her he did not do appeals and did not think there would be any benefit in appealing. He then failed to file a notice of appeal. Wortman claims that Green's failure constitutes ineffective assistance of counsel in violation of her Sixth Amendment right to counsel.

While admitting that Green's alleged failure to file a notice of appeal after Wortman asked him to would be ineffective assistance of counsel, the government contests that Wortman actually made that request.

The Court held a hearing on the pending § 2255 motion on November 14, 2006, at which Wortman, Ernest Carter and Larry Wortman testified on the petitioner's behalf, and at which Terry Green testified for the government. Based on the evidence at the hearing, the Court makes the following findings of fact and conclusions of law.

## II.     Findings and Conclusions

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). Wortman claims that her Sixth Amendment right to effective assistance of counsel was violated when Green failed to file a

notice of appeal of her conviction and sentence.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995), *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

The Court finds that Wortman received ineffective assistance of counsel when Green failed to file a notice of appeal on her behalf after being requested to do so. The evidence showed that the interactions immediately following Wortman's sentencing hearing on June 8, 2006, were tense and confused. Wortman, pregnant at the time, was feeling ill, and her parents were arguing about the sentencing hearing. The discussion started in one room and then moved to another. Green was concerned with the health of his client, was dismayed by the hostility of her parents toward each other, and wanted to make sure Wortman made her decision whether to file a notice of appeal when she was thinking clearly. It was not a no-lose situation, for Wortman had received a sentence substantially lower than the guideline range, and if she appealed, she risked a cross-appeal by the government challenging her low sentence. He advised

her that he would file a notice of appeal if she wanted, but that he did not handle appeals, so he would then move to withdraw and Wortman would have to find another attorney. Wortman testified that at some time in the conversation she had asked Green to file a notice of appeal. Green remembers hearing the request coming from Wortman's mother, but not from her, so he disregarded it. The Court believes that Wortman made such a request, but that it got lost in the fray on its way to Green due to the uproar and confusion following the sentencing hearing. At that point, Green had an obligation to file the notice of appeal, whether he knew it or not. That he did not file the appeal because of a mistaken understanding of what Wortman said to him does not render his performance legally sufficient. The Court notes in passing, however, that it believes Green's testimony that if he had been aware of the request, he would have filed a notice of appeal.

In light of the Court's findings of the events of June 8, 2006, it is not necessary for the Court to made a credibility determination about the later phone conversations, if there were any, between Wortman and Green. Those conversations occurred, if at all, without any impartial witnesses, and Wortman's and Green's testimonies were self-serving and diametrically opposed.

The Court does wish to comment on the written communication between Wortman and Green. Wortman received a letter from Green on June 21, 2006, advising her that the deadline for her notice of appeal was June 24, 2006. This letter gives the Court pause for several reasons.

First, it is apparent from the letter that Green had not yet filed a notice of appeal, which is consistent with the Court's finding that Green was unaware of Wortman's request. The letter, however, appears to impose the responsibility for filing the notice on Wortman, not Green. It does not say, "Let me know if you want to appeal so I can file it for you," or something along those lines. Instead, it says,

4

> [S]hould you wish to file an appeal in this case, you have until June 24, 2006. June 24 falls on a weekend, so I strongly suggest that if you are going to want to appeal, you make the decision in advance of June 23.
>
> Call me should you have any questions.

It is, at the least, ambiguous about whether Green would be responsible for filing the notice of appeal and, at the most, a blatant passing off of his professional responsibility to his client.

Second, it is clear that Wortman *did* call Green's office and leave a message the day after she received the letter, but Green did not call her back. Green received a message from his office staff that Wortman had called simply to notify him of a change in her address. Nevertheless, Green was running a risk that Wortman was, indeed, calling him pursuant to his advice in his letter to call him if she had questions and was perhaps calling him to request a notice of appeal. Prudent legal practice would have been to return her phone call to determine the exact and complete reason for her call.

Third, Green's letter provided erroneous legal advice. Green admitted in the hearing that he was confused about when the ten-day appeal period expired. Apparently he told Wortman once that it expired ten calendar days after her sentencing hearing, which would have been June 18 (a Sunday), so she had until Monday, June 19, to file a notice of appeal. He then later came to believe it was ten calendar days after the date the Court signed the judgment and commitment on June 14, which would have been June 24, and he advised her accordingly in the letter. Both calculations are incorrect. The ten-day period began to run on June 15, the day of the *entry of the judgment on the docket sheet*. Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant must file an appeal in a criminal case within ten days of "(i) the *entry* of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." (emphasis added). The ten days, however, is calculated under the time computation rules of

5

Federal Rule of Criminal Procedure 45(a), which exclude weekends from periods less than eleven days.  *See* Fed. R. Crim. P. 45(a)(2).  Thus, the ten-day appeal period included June 16, 19, 20, 21, 22, 23, 26, 27, 28 and 29, expiring on June 29.  There is no evidence that Green's error was prejudicial to Wortman, but the Court cannot let it pass without comment.

### III.     Conclusion

For the foregoing reasons, the Court finds that Wortman asked Green to file a notice of appeal in plenty of time and that, because he misunderstood her, he did not do so.  He has thus failed to provide constitutionally effective assistance of counsel, and the Court must therefore **GRANT** Wortman's § 2255 motion (Doc. 2).  The Court therefore:

- **ORDERS** that Wortman shall have "the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel," *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994);

- **DIRECTS** the Clerk of Court to docket a notice of appeal by Wortman in *United States v. Wortman*, Case No. 05-cr-40024-JPG, and to include a copy of this order and the judgment in this § 2255 proceeding with the short record on appeal; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly in Case No. 06-cv-774-JPG.

The Court reminds Wortman's current counsel of her continuing obligation to represent Wortman on appeal in her criminal case until such time as she may be relieved of that duty by the Court of Appeals.

**IT IS SO ORDERED.**
**DATED:  November 30, 2006**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **CHIEF JUDGE**